**Aida YEGHIAZARYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70138.

United States Court of Appeals, Ninth Circuit.

---

⁎⁎ This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Yang does not appeal the denial of his claim for protection under the Convention Against Torture.

**684**

Submitted July 24, 2006.*

Decided Aug. 2, 2006.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Aida Yeghiazaryan, a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of her request for asylum and withholding of removal. Where the BIA adopts the IJ's decision while adding its own reasons, we review both decisions. *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). Because neither the IJ nor the BIA made an explicit adverse credibility finding, we accept Yeghiazaryan's testimony as true. *See Navas v. INS*, 217 F.3d 646, 652 (9th Cir.2000).

We review the IJ and BIA's decisions under the substantial evidence standard and may reverse only if the evidence compels a contrary conclusion. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). Treating Yeghiazaryan's testimony as true, we conclude that the evidence compels the conclusion that she suffered past persecution on the basis of her religious affiliation.

The IJ found that, despite finding Yeghiazaryan's testimony to be for the most part credible, "it is difficult for the court to believe that [Yeghiazaryan] really belongs to any religion because she really does not explain in any degree of depth any religion." Based on this finding, the IJ concluded that Yeghiazaryan had failed to meet her burden to show that any mistreatment suffered by Yeghiazaryan was based on her religious affiliation. Absent an explicit adverse credibility finding, Yeghiazaryan's testimony must be taken as true. She testified that she was a member of the Pentecostal faith and on multiple

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

occasions she was beaten by members of the government militia while they insulted her religion and threatened further repercussions if she did not cease attending religious meetings. This testimony compels a reasonable fact-finder to conclude than any mistreatment suffered by Yeghiazaryan was on the basis of her religion.

The BIA adopted and affirmed the IJ's reasoning and alternatively summarily concluded in one sentence that Yeghiazaryan had failed to demonstrate "that she has suffered past persecution in Armenia." Yeghiazaryan testified that: (1) members of the government militia came to her home warned her to cease her religious meetings and beat her and her husband to an extent requiring brief hospitalization; (2) she and her husband were harassed by police officers on the street and had their religious books torn apart; (3) she was interrogated by government officials for a two hour period and threatened with imprisonment if she did not cease organizing religious meetings in her home; and (4) she was detained for two days by the local government, forced to sign a document renouncing her religion, and was beaten in the head to the extent that she required a three-day hospitalization. This testimony compels a reasonable fact-finder to conclude that Yeghiazaryan suffered past persecution. *See Chand v. INS,* 222 F.3d 1066, 1075 (9th Cir.2000) (noting the Ninth Circuit's consistent practice of finding persecution where petitioner was physically harmed).

Because Yeghiazaryan established past persecution on the basis of religious beliefs, she is entitled to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1)(I)(2000). Because the IJ and BIA found that Yeghiazaryan did not establish past persecution on account of her religious affiliation, they did not afford her this presumption nor reach the question of whether the government has rebutted the presumption. Therefore, we remand to the BIA in order to allow the agency to rule on this issue in the first instance. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

For these reasons we GRANT the petition for Review and REMAND to the BIA.